CHARLES WILSON *vs.* HENRY C. BORSTEL.

Knox. Opinion March 15, 1882.

*Shipping. Seaman's wages, three months' extra for discharge in foreign port. Seaman's part may be recovered at common law. Practice.*

A seaman discharged with his own consent in a foreign port, who was prevented by the conduct of the master from making application to the American consul at the place of discharge, may maintain an action at common law against the master for two months' wages as his part of the three months' extra pay which the U. S. R. S., § § 4582, 4584, required the master to pay to the consul on account of the discharge of such seaman.

It is too late to raise a question at the law court, which was not reserved in reporting the case.

ON EXCEPTIONS.

Assumpsit on an account annexed for wages as seaman, together with two months' extra pay for discharge in Liverpool.

The opinion states the material facts.

*Rice and Hall,* for the plaintiff, cited: *Emerson* v. *Howland,* 1 Mason, 45; *The Saratoga,* 2 Gallison, 181; *Ogden* v. *Orr,*

12 Johns. 143; Abbott, Shipping, 620; *Orne* v. *Townsend*, 4 Mason, 549; *The Juniata*, Gilpin, 193; *The Dawn*, 1 Ware, 499.

*C. E. Littlefield*, for the defendant.

The only item contested in the account annexed to the plaintiff's writ is that for "two thirds of three months' wages extra by reason of discharge in Liverpool, eighty dollars."

This cannot be recovered in this action. To recover, the plaintiff must prove a contract express or implied to pay the eighty dollars. He does not pretend that there was any such contract. His right to recover, if any, depends entirely on the U. S. R. S., § 4582, and the cause should have been specially declared, alleging all the facts relied upon to make this defendant liable at common law. 1 Chitty Pl. (16th ed.) 111, 112, 311, 350, 360; *Bennett* v. *Davis*, 62 Maine, 544; *Penley* v. *Whitney*, 48 Maine, 351; *Cape Elizabeth* v. *Lombard*, 70 Maine, 398; *Palmer* v. *York Bank*, 18 Maine, 173; *Sanford* v. *Haskell*, 50 Maine, 86; *Wentworth* v. *Hinckley*, 67 Maine, 370; *Bath* v. *Freeport*, 5 Mass. 326; 2 Greenl. Ev. (13th ed.) 103, 117; *Richardson* v. *Kimball*, 28 Maine, 463.

These extra wages are recoverable in admiralty only. *Ogden* v. *Orr*, 12 Johns. 143; *Sullivan* v. *Morgan*, 11 Johns. 66; *Pool* v. *Welch*, 1 Gilpin, 143; *The Dawn*, 1 Ware, 499; Abbott, Shipping, 620; *Van Beuren* v. *Wilson*, 9 Cow. 158; 2 Parson, Ship. and Ad. 56; *Wells* v. *Meldrum*, Blatchford and Howland, 345; *Betsy and Rhoda*, 2 Ware, 123.

PETERS, J. The United States statutes provide, that, whenever a ship or vessel, belonging to a citizen of the United States, shall be sold in a foreign country, and her company discharged, or when a seaman or mariner, a citizen of the United States, shall with his own consent be discharged in a foreign country, it shall be the duty of the master or commander to produce to the consul the list of the ship's company, and to pay to such consul, for every seaman so discharged, three months' pay over and above the wages that may then be due to such mariner or seaman, two-thirds thereof to be paid by such consul to each seaman or

mariner so discharged, upon his engagement on board of any vessel to return to the United States, and the other third to be retained for the purpose of creating a fund for the assistance, in several ways named in the statutes, of destitute American seamen. U. S. R. S., § § 4582, 4584.

It appears in this case, that the plaintiff, an American seaman, was, with his own consent, discharged by the defendant in a foreign port; was prevented by the conduct of the master from making an application to the American consul at the place of discharge; and that the three months' extra wages never were paid or offered by the master to anybody. After both parties returned home, the seaman sues the master, to recover two months' wages, in an action at common law. We think the action may be maintained.

Suits to recover the seaman's portion of the wages have been frequently sustained in courts of admiralty. In *Emerson* v. *Howland,* 1 Mason, 45, Judge STORY said it was the practice of that court to allow the seaman to recover the two months' wages; and the only question with him was whether the amount due the government should not be recovered in the same libel. Judge HOPKINSON doubted the seaman's right to recover in his own name, but deferred to the opinion of Judge STORY. *The Juniata,* Gilpin, 193. Judge STORY's ruling has been adopted in some reported, and many unreported, cases in the admiralty courts. *The Dawn,* Ware's R. 499; *The Saratoga,* 2 Gallis, 181; *Orne* v. *Townsend,* 4 Mason, 549; *Hoffman* v. *Yarrington,* 1 Lowell, 168; *Rogers* v. *Lewis, Id.* 297; *The Hermon, Id.* 515.

In Flanders on Shipping, 133, the doctrine of the cases is summarized by the author as follows: " It would certainly seem, that not only the terms of the law, but the objects to be attained by it, to wit, the return of American seamen to their country, and their maintenance when found destitute in a foreign port, all require that this money should be paid to the consul in the foreign port where the seaman is discharged, and that no other payment or obligation to pay is recognized by the act. But upon the ground that the wages would be entirely lost, and the law violated with impunity, were such a construction of the act

to be adopted, the courts have enforced the payment of the wages here, where the master has refused or omitted to pay them abroad." Parsons, in his work on Maritime Law, vol. 2, p. 576, admits the current of authority to be in accordance with the doctrine thus stated.

If the admiralty court can sustain a libel for such wages, we see no reason why they may not be recovered in an action at common law. That is the rule as to seaman's wages generally. We find no cases deciding the contrary, excepting those relied upon by the defendant, two cases in New York. *(Ogden* v. *Orr*, 12 Johns. 143; *VanBeuren* v. *Wilson*, 9 Cow. 158.) The former is affirmed in the latter case with merely a passing word. In the former case, the grounds of objection to the action, relied upon by the court, were three. First: That the suit lies against the master and not against the owners. Second: Because the money is payable to the consul and not to the seaman. Third: Because the money is payable "as a kind of penalty" upon masters for discharging American seamen in foreign countries.

The first objection does not arise in this case, the action being against the master alone. The second objection does not seem to us a conclusive one, and is well answered by the extract quoted (*supra*) from Flanders on Shipping. The money is payable to the consul, but belongs to the seaman. The policy of paying it to the consul instead of to the seaman, is lost when the master and mariner have both arrived home. It would be an useless circuity and an idle ceremony, and very likely a profitless errand, to send the seaman out of court, to endeavor to collect his wages in the name of the American consul. Judge STORY says, in the case of *The Saratoga*, *supra*, that the courts will enforce the collection for the sailor directly against those who are circuitously compelled to pay the wages. All the cases proceed upon the idea, that the consul is in reality an agent of the seaman, to enable him to obtain a passage to the United States, and that when the seaman has returned home, the object and policy of the agency have been attained.

Nor do we think that the wages are recoverable as a "penalty" or in the "nature of a penalty." Without the statute, the master

would be liable in damages for not returning the seaman to this country, as his contract obliges him to do, and the seaman would have his right of action therefor. . The statute merely determines what the damages shall be. *Croucher* v. *Oakman*, 3 ·Allen, 185 ; 2 Pars. Mar. Law, 576. Judge STORY said ; "The act having given the sum as wages, it is recoverable as such." In *Rogers* v. *Lewis, supra,* Judge LOWELL says : "The two months' wages are intended to secure to mariners, whose contract is unexpectedly terminated, a fixed compensation, in whatever part of the world they may be, as an indemnity for their disappointment. It is a conventional sum which may be much more or much less than an actual indemnity." Judge SPRAGUE says, in *Knowlton* v. *Boss*, Sprague's Dec. 166, that the two months' additional pay can be recovered specifically as wages, and that the right to recover the wages "is a kind of statute extension of the original contract." In the same case reported in 12 Law Rep. 13, it was called a "kind of statute 'substitution' for the original contract." The shipping articles do not contain the whole agreement between the master and mariner, but refer to the law for its completion. The agreement is partly created by the parties and partly by the law. The statutory provision for two months' wages is a tacit part of the contract of the parties. In no just sense, can it be, in our judgment, regarded as a penalty. *Sheffield* v. *Page*, 1 Sprague's Dec. 285, 287.

The point is made, at the argument, that the wages are not recoverable upon an account annexed, but should have been declared for by a special count in assumpsit. The point comes too late. It was not reserved in reporting the case. *Knight* v. *Fort Fairfield*, 70 Maine, 500.

*Verdict to stand.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY,. JJ., concurred.